IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND,<br><br>    Plaintiff,<br><br>    v.<br><br>SINCERE LANDSCAPING INC.,<br><br>    Defendant, | Case No.   25-3181 |

## COMPLAINT

Plaintiff, Railroad Maintenance and Industrial Health and Welfare Fund, by and through its attorneys, Cavanagh & O'Hara LLP, and for its complaint against Defendant, Sincere Landscaping Inc., alleges and pleads as follows:

1. This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified as 29 U.S.C. §1001 *et seq.* ("ERISA"), and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 et seq. ("LMRA").

2. Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action. *See* 29 U.S.C. §1132.

3. Venue is proper in a federal District Court where the breach took place, where a defendant resides or may be found, or where the plan is administered. *See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2)).

4. The address and place of administration/business of Plaintiff is 2725 West Monroe Street, Springfield, IL 62704.

5. Plaintiff is an employee benefit fund maintained in accordance with the provisions of ERISA and the LMRA and is administered pursuant to the terms and provisions of a trust agreement. A copy of the pertinent provisions of the trust agreement for Plaintiff is attached hereto as **Exhibit A** and fully incorporated herein and made a part hereof by this reference.

6. Plaintiff receives contributions from numerous employers, and therefore, is a multiemployer plan. *See* 29 U.S.C. §1002.

7. Defendant Sincere Landscaping is an "Employer" engaged in an industry within the meaning of §§1002 (5), (11), (12) and (14) of ERISA.

8. As of July 1, 2013, Defendant became bound to the Landscape Contractors Labor Agreement pursuant to the Landscaping Memorandum of Agreement. A copy of the Landscaping Memorandum of Agreement is attached hereto as **Exhibit B** and fully incorporated herein and made a part hereof by this reference.

9. Pursuant to the Landscaping Memorandum of Agreement, Defendant adopted and agreed to be bound to the Master Agreement, commonly referred to as the Landscape Construction Labor Agreement. A copy of the applicable Master Agreement in effect when the Defendant signed the Landscaping Memorandum of Agreement is attached hereto and incorporated herein as **Exhibit C.**

10. Pursuant to the Landscaping Memorandum of Agreement, Defendant also agreed to adopt subsequent Master Agreements. Copies of the applicable successor Master Agreements are attached hereto and incorporated herein as **Exhibit D and Exhibit E.**

11. Defendant has not terminated the Memorandum of Agreement or the Master Agreement.

12. Defendant is bound to all of the Master Agreements. Exhibits C – E.

13. Pursuant to the Master Agreements, Defendant is required to make contributions to Plaintiff at the rates delineated in said Agreements, or as may be increased from time to time pursuant to the applicable wage addenda, when employees of Defendant perform work covered under the Master Agreement. Exhibits C – E.

14. Based upon information and belief, Defendant employed individuals who performed work covered under the Master Agreements for which fringe benefit contributions are owed (*i.e.*, "covered work").

15. Pursuant to 29 U.S.C. §1145, Defendant is required to remit contributions in accordance with the terms and conditions of the Master Agreements and Plaintiff's trust agreement. *See* 29 U.S.C. §1145.

16. Defendant stated that its business and operations ceased in May 2024.

17. Without good cause and despite its contractual obligations to promptly remit report forms, on March 21, 2025, Defendant submitted Contribution Remittance Forms for the months of *May and June 2024*. Up until that date, Plaintiff demanded that Defendant provide the required May report form and contributions due to no avail. Plaintiff had also operated under the belief that Defendant had ceased operations in May 2024.

18. Given the indication that Defendant continued operations beyond May 2024 as was reported, Plaintiff finds it necessary and prudent to conduct a close out audit of Defendant's records.

19. Plaintiff has the right to examine the payroll books and records of the Defendant to confirm the accuracy of Defendant's reporting of hours, and to determine whether the Defendant has paid Plaintiff all fringe benefit contributions owed. Exhibit A & Exhibits C – E.

20.     Defendant breached the provisions of the trust agreement by refusing to provide Plaintiff access to its payroll and other business records for the purpose of having a fringe benefit compliance audit performed. Exhibit A.

21.     Defendant breached the provisions of the Master Agreements by refusing to provide Plaintiff access to its payroll and other business records for the purpose of having a fringe benefit compliance audit performed. Exhibits C – E.

22.     Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of Plaintiff, the Court shall award Plaintiff certain relief, including interest, liquidated damages or double interest, and attorney's fees. More specifically, §1132(g)(2) of ERISA provides as follows:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions
>
> \*       \*       \*
>
> (2)     In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> (A)     the unpaid contributions,
>
> (B)     interest on the unpaid contributions,
>
> (C)     an amount equal to the greater of –
>
> (i)     interest on the unpaid contributions, or
>
> (ii)     liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A)
>
> (D)     reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E)     such other legal or equitable relief as the court deems appropriate.

> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.
>
> *See* §1132(g)(2) of ERISA.

23. In addition to 29 U.S.C. 1132(g)(2), and pursuant to the terms of the Master Agreements and Plaintiff's trust agreement, Defendant may be liable for liquidated damages, interest, reasonable attorney's fees, court costs, audit costs, and other reasonable expenses incurred by Plaintiff in the collection of delinquent contributions. Exhibit A and Exhibit C.

WHEREFORE, Plaintiff prays as follows:

A. That judgment is entered in favor of Plaintiff and against Defendant for all fringe benefit contributions, liquidated damages, and interest owed to Plaintiff for the time period of June 1, 2013 through a future date including without limitations the ending date of any payroll compliance audit, as determined by a payroll compliance audit or otherwise;

B. That Defendant is ordered to provide and/or make available to Plaintiff or its auditor, all of the necessary payroll and other business records, including the outstanding report forms, for the time period of June 1, 2013 through a future date determined by Plaintiff or its auditor;

C. That Plaintiff is granted leave of Court to file supplemental proofs establishing the judgment sum for contributions determined to be due and owing for the time period of June 1, 2013 through a future date to be determined by the payroll audit, as well as for the liquidated damages, interest, audit costs, attorney's fees, and court costs to which Plaintiff is entitled to pursuant to the trust agreement, the Master Agreement, and ERISA;

D. That Defendant be decreed to pay to Plaintiff all such monies determined to be due and owing to Plaintiff, including without limitation fringe benefit contributions, liquidated damages, interest, audit costs, attorney fees, and court costs;

E. That Defendant be decreed to pay Plaintiff its reasonable attorney's fees and costs as provided by ERISA, 29 U.S.C. §1132(g)(2), the Agreements, and Plaintiff's trust agreement;

F. That Defendant be decreed to pay all costs attendant to these proceedings; and

G. That Plaintiff is awarded, at Defendant's cost, such further and other relief as may be available under ERISA, the Agreements, the trust agreement, or as is otherwise just and equitable.

 Respectfully submitted,

 RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND
 Plaintiff,

 By: /s/ Cressa E. Wagner

 CRESSA E. WAGNER
 ARDC# 6350048
 CAVANAGH & O'HARA LLP
 Attorneys for Plaintiff
 2319 W. Jefferson Street
 Springfield, Illinois 62702
 Telephone: (217) 544-1771
 Facsimile: (217) 544-9894
 cressa@cavanagh-ohara.com